J.S43017-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PACURIE HUYNH, | |
| Appellant | No. 2872 EDA 2013 |

Appeal from the Judgment of Sentence entered August 2, 2013,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0001195-2013

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD*, JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:      **FILED AUGUST 20, 2014**

I respectfully dissent from the majority's decision to affirm the judgment of sentence because, in my view, the record did not support the finding that Appellant was a "menace to society" and was not amenable to rehabilitation. As these factors were integral to the trial court's decision to impose a statutory maximum sentence of three and a half to seven years, I would remand this matter for resentencing.

Instantly, the Commonwealth charged Appellant with one count of accidents involving death and one count of failing to give information or render aid, a summary offense. Appellant pleaded guilty to the accidents involving death count, and the summary count was dismissed after sentencing. As to accidents involving death, the Sentencing Guidelines recommended a standard minimum range term of imprisonment of three to

twelve months with an addition of up to six months for "aggravating factors." Moreover, Appellant was subject to a mandatory minimum sentence of twelve months. *See* 75 Pa.C.S. § 3742(b)(3).

At the sentencing hearing, Appellant requested that the trial court impose a mandatory minimum sentence of one year based on mitigating factors. N.T., 8/2/13, at 11-14. Appellant stressed the accidental nature of the collision, which occurred while the victim was "walking along" a major thoroughfare at 2:53 a.m. on July 4, 2012. Appellant also emphasized that he had no prior record, that his guilty plea evinced his taking responsibility for the accident, and that he expressed remorse to the family of the victim. The Commonwealth recommended the statutory maximum sentence.[1] *Id.* at 15-20. The Commonwealth reminded the court of the victim's family's testimony regarding the agony of caring for the victim before his death nearly 8 months after the accident[2] and Appellant's attempts to conceal his responsibility for the accident for 236 days.

---

[1] The Commonwealth also noted that **after** Appellant committed the underlying offense, the General Assembly increased the grade of the offense from a third-degree felony to a second-degree felony and argued, "It just shows . . . the difference of how serious this case is." N.T. at 19-20. Although the Commonwealth's argument is fraught with *ex post facto* concerns, there is no indication in the record that the trial court relied upon it when sentencing.

[2] The victim's family, through the victim's sister, asked the trial court to impose a maximum sentence "as any time [Appellant] spent incarcerated is nothing compared to what Tommy [the victim] and my family experienced and will for a lifetime." *Id.* at 8.

The trial court, when fashioning its sentence, found that Appellant's "action of leaving the scene was callous and inhumane," that he "took overt actions to avoid detection and prosecution," and that his expression of remorse was "insincere." *Id.* at 24-26. The court also determined that "the impact upon the victim's family has been crushing" and, when discussing the law enforcement resources used to investigate and apprehend Appellant, that "[s]ociety has also suffered greatly[.]" *Id.* at 26-27.

The court concluded that Appellant "is a menace to society and he is not readily amenable to rehabilitation," and reasoned:

> Society as a whole needs to know that killers will not be permitted to consciously leave a human being lying in the street to die and then just walk away with minimum punishment. Society's only protection is by the imposition of stiff penalties, that is penalties that have real, not semi-imaginary consequences.

*Id.*

Following a review of the record, I find a proper evidentiary basis for the court to reject Appellant's claims of remorse based on his failure to take responsibility for the accident at an earlier time and his affirmative attempt to hide his involvement in the accident. I further agree that Appellant's conduct after the accident was callous. Lastly, it is undisputed that the victim and the victim's family suffered in agony.

In my view, however, the court's further conclusion that Appellant was a menace to society and was not amenable to rehabilitation lacks proper evidentiary support. Appellant pleaded guilty, had no prior record, and was

employed. Accordingly, I discern no basis supporting the conclusion that Appellant posed a continuing threat to society or was beyond rehabilitation.

While the trial court cited other proper reasons for departing from the Sentencing Guidelines, I cannot conclude that the trial court's reliance upon the unsupported finding that Appellant poses a threat to society and is not amenable to rehabilitation was harmless in light of its decision to impose the statutory maximum sentence. Thus, I would vacate the judgment of sentence and remand for resentencing.